IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES C. PLATTS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-1041 |
| | ) | Magistrate Judge Maureen P. Kelly |
| UNITED STATES DEPARTMENT OF | ) | |
| TREASURY – INTERNAL REVENUE | ) | |
| SERVICE, | ) | Re: ECF No. 3 |
| Defendant. | ) | |

## ORDER

James Platts ("Plaintiff") filed what he captioned as a "Motion of Appeal for Refund of Overpaid Taxes." ECF No. 1. He did so without paying a filing fee or without filing a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). Plaintiff is a prisoner in the United States Penitentiary at Hazleton in Bruceton Mills, West Virginia. He was convicted in this Court in two different criminal proceedings. In the first criminal proceeding, presided over by Judge Donetta Ambrose, Plaintiff was convicted by a jury of tax evasion for deliberately underpaying taxes owed. U.S.A. v. Platts, No. 07-cr-21 (W.D. Pa.). In the second criminal proceeding, presided over by Judge Alan Bloch, Plaintiff was convicted of Mail Fraud, Money Laundering and Mail Fraud Conspiracy, after Plaintiff pleaded guilty. U.S.A. v. Platts, No. 10-cr-176 (W.D. Pa.). The current civil action is Plaintiff's most recent attempt to challenge the fact that he underpaid his taxes as was found by the jury in his first criminal proceeding. This action is yet another attempt by Plaintiff to claim a refund of the taxes which he claims he overpaid which are the same taxes that the jury found Plaintiff to have underpaid. Plaintiff has repeatedly, and unsuccessfully, attempted to attack in this Court the fact that he underpaid taxes and/or to

impugn his conviction for tax evasion.  See, e.g., Platts v. Buchanan, No. 12-cv-1788 (W.D. Pa.) *aff'd*, Platts v. Buchanan, No. 13-4393 (3d Cir. 9/5/2014); Platts v. Buchanan, No. 13-803 (W.D. Pa. closed 7/17/2013); Platts. V. U.S.A., No. 14-cv-36 (W.D. Pa. closed 3/26/2014).

Plaintiff has also filed several civil actions in the United States District Court for the Northern District of West Virginia wherein he has unsuccessfully tried to attack the fact that he underpaid taxes and was not due a refund and/or to impugn his conviction for tax evasion.  Platts v. Buchanan, No. 13-cv42 (N.D.W.V.  ECF No. 27, Report recommending dismissal of complaint as frivolous, ECF No. 32, Order adopting Report over Plaintiff's Objections), *aff'd*, Platts v. Buchanan, No. 13-7574 (4th Cir. 2/18/2014); Platts v. O'Brien, 13-cv-61 (N.D.W.V., ECF No. 12, Report recommending dismissal of Section 2241 petition, ECF No. 16, Order adopting Report over Petitioner's Objections), *aff'd*, Platts v. O'Brien, No. 13-7486 (4th Cir. 1/21/2014);  Platts v. O'Brien, No. 13-cv-257 (N.D.W.V., ECF No. 18, Amended Report recommending dismissal of the Section 2241 petition, ECF No. 23, Order adopting Report over Petitioner's Objections).

In the presently pending civil action, this Court ordered Plaintiff to either pay the filing fee of $400.00 for this civil action or to file an IFP Motion and to do so no later than September 20, 2014.  ECF No. 2.  Rather than pay the filing fee or file an IFP Motion, Plaintiff filed a letter deemed to be a Motion, ECF No. 3, asserting that no filing fee was due as he was permitted to file this "appeal" for the refund of overpaid taxes based upon IRS Publication 1 and the Taxpayer's Bill of Rights, which are in fact one and the same. See  http://www.irs.gov/pub/irs-pdf/p1.pdf.

Plaintiff's assertion that no filing fee is required is without merit.  Plaintiff is unable to point to any provision contained in the Taxpayer's Bill of Rights that explicitly provides or even

implicitly provides that no filing fee would be required in order to file a civil action in the United States District Court for the purpose of seeking a refund of overpaid taxes. In fact, the statute which grants the United States District Court subject matter jurisdiction over the filing of a civil action in the United States District Court in order to recover allegedly overpaid taxes utilizes language that clearly implies a filing fee is in fact required. The statute that permits a person, such as Plaintiff, to file in a United States District Court an action for recovery of taxes is found in 28 U.S.C. § 1346, which provides in relevant part as follows:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> > (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

Because the only statute that permits Plaintiff to invoke this Court's jurisdiction to recover allegedly overpaid taxes speaks in terms of a "civil action," we find that the provisions of 28 U.S.C. 1914(a) to be applicable and Section 1914(a) provides the requirement that the filing fee for a "civil action" is $350.00[1] and 28 U.S.C. §1914(b) provides that courts may charge an additional fee as prescribed by the Judicial Conference of the United States which imposed an additional $50.00 fee at the September 12, 2012 meeting of the Judicial Conference to be effective May 1, 2013.[2] Accordingly, Plaintiff is statutorily required to either pay the $400.00

---

[1] 28 U.S.C. § 1914(a) provides as follows: "(a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."

[2] The Judicial Conference Committee's Report establishing the $50.00 fee is available at: http://jnet.ao.dcn/judicial-conference/september-2012-report-proceedings
(site last visited 9/9/2014).

3

filing fee or file an IFP Motion by September 20, 2014 or this civil action will be dismissed for failure to prosecute without further warning. See, e.g., Vale v. I.R.S., 286 F. App'x 643 (11th Cir. 2008) (prisoner who filed suit against IRS, seeking a refund of overpaid taxes was required to pay the filing fee in installments under the Prison Litigation Reform Act). We note in passing that Plaintiff tried to by pass the requirement to pay filing fees previously. Platts v. Buchanan, No. 12-cv-1788 (W.D. Pa.) *aff'd*, Platts v. Buchanan, No. 13-4393 (3d Cir. 9/5/2014). The United States Court of Appeals for the Third Circuit explicitly rebuffed Plaintiff's attempt to avoid the payment of filing fees. Platts v. Buchanan, No. 13-4393 (3d Cir. 9/5/2014) ("The District Court was correct in its conclusion that 28 U.S.C. Section 1915(b)(1) governs the fee assessment in this case, and that there is no statutory provision for a refund of the fees collected."). Hence, Plaintiff's Motion asserting that no filing fee is due is hereby **DENIED**.

An appeal to the District Judge will not act as a supersedeas of the Court's August 20, 2014 Order requiring payment of the filing fee or filing an IFP Motion by September 20, 2014. Thus, even if Plaintiff chooses to appeal to the District Judge, he will still be required to comply with the August 20, 2014 Order of Court requiring Plaintiff to cure the deficiency by September 20, 2014, unless the District Judge orders otherwise.

The parties are allowed fourteen (14) days from this date to appeal this order to a District Judge pursuant to Rule 72.C.2 of the Local Rules. Failure to appeal within fourteen (14) days may constitute waiver of the right to appeal.

DATED: September 12, 2014

                                      BY THE COURT:

                                      /s/Maureen P. Kelly
                                      MAUREEN P. KELLY
                                      UNITED STATES MAGISTRATE JUDGE

cc: James C. Platts
#09684-068
USP Hazelton
U.S. Penitentiary
P.O. Box 1000
Bruceton Mills, WV 26525